IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

RICHARD A. GRISWOLD,              )
                                  )
                 Petitioner,      )        8:10CV55
                                  )
        v.                        )
                                  )
TECUMSEH STATE CORRECTIONAL       )      MEMORANDUM OPINION
INSTITUTION,                      )
                                  )
                 Respondent.      )
_____ )

        This matter is before the Court on petitioner Richard

A. Griswold's ("Griswold") petition for writ of habeas corpus

("Petition")(Filing No. 1).  Respondent filed an answer (Filing

No. 18), brief in support of his answer (Filing No. 19), and

State Court Records (Filing No. 16).  Griswold did not respond.

(*See* Docket Sheet.)  Also pending is Griswold's motion for status

of case (Filing No. 27) and motion to appoint counsel (Filing No.

31).  This matter is deemed fully submitted.

        Liberally construing the allegations of the petition,

Griswold states that he is entitled to a writ of habeas corpus

because:

                Claim One[1]:  Petitioner was denied the
                effective assistance of counsel in
                violation of the Sixth and Fourteenth
                Amendments *because* petitioner's trial
                counsel (1) failed to present or
                investigate an insanity defense, (2)
                made and withdrew motions without

_____

        [1]Claim One combines claims from Grounds One and Two of the
Petition (Filing No. 1 at CM/ECF pp. 5-7).

informing petitioner, and (3) relied on personal rather than expert judgment when considering petitioner's competency and insanity.

Claim Two[2]:  Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* petitioner's appellate counsel[3] failed to raise several issues, including the issue of petitioner's competency, on direct appeal.

Claim Three:  Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the district court determined that petitioner's claims for post-conviction relief were procedurally barred.

(Filing No. 8 at CM/ECF pp. 1-2.)

### *BACKGROUND*

### I.   Griswold's Conviction and Direct Appeal

On May 22, 2008, a jury found Griswold guilty of one count of second degree murder and one count of use of a firearm to commit second degree murder (Filing No. 16-9, Attach. 9 at CM/ECF pp. 32-33).  Griswold was thereafter sentenced to life imprisonment for the second degree murder count and 50 years imprisonment for the use of a firearm to commit second degree murder count.  (*Id*. at CM/ECF pp. 35-36.)  Griswold filed a

---

[2] Claim Two combines claims from Grounds One, Two and Three of the Petition (*Id*. at CM/ECF pp. 5-7).

[3] The same attorney represented petitioner at trial and on direct appeal.  (*Id*. at CM/ECF pp. 6-7.)

-2-

timely appeal to the Nebraska Supreme Court.  (*Id*. at CM/ECF p. 1.)

On direct appeal, Griswold argued that the trial court abused its discretion by imposing an excessive sentence (Filing No. 16-5, Attach. 5 at CM/ECF pp. 8-16).  On February 11, 2009, the Nebraska Supreme Court summarily affirmed Griswold's convictions and sentences (Filing No. 16-1, Attach. 1 at CM/ECF p. 1).

## II.  Griswold's Post-Conviction Motion and Appeal

On May 6, 2009, Griswold filed a verified motion for post-conviction relief ("Post-Conviction Motion") (Filing No. 16-12, Attach. 12, at CM/ECF pp. 11-24).  The Gage County, Nebraska, District Court ("Nebraska District Court") denied Griswold's Post-Conviction Motion on May 20, 2009, and Griswold filed a timely appeal.  (*Id*. at CM/ECF pp. 26-27; Filing No. 16-10, Attach. 10 at CM/ECF p. 1.)  Liberally construed, Griswold raised Claim One-Part One in his Post-Conviction Motion and appeal (Filing No. 16-12, Attach. 12, at CM/ECF pp. 11-24; Filing No. 16-7, Attach. 7).  On December 28, 2009, the Nebraska Supreme Court affirmed the Nebraska District Court's decision to deny Griswold's Post-Conviction Motion (Filing No. 16-2, Attach. 2).  Where necessary, further details of the Nebraska Supreme Court's opinion denying post-conviction relief are set forth below.

-3-

Griswold filed his Petition in this Court on February 8, 2010 (Filing No. 1).  Thereafter, respondent filed his answer (Filing No. 18) and brief in support (Filing No. 19).  In his brief, respondent argues that Griswold's claims are either procedurally defaulted, or that the state court reasonably applied federal law and therefore no federal habeas corpus relief is available.  Griswold did not file a response.  (*See* Docket Sheet.)

### *ANALYSIS*

### I.   Griswold's Pending Motions

Before the Court analyzes Griswold's Petition, it will address Griswold's pending motion for status (Filing No. 27) and motion to appoint counsel (Filing No. 31).  In his motion for status, Griswold asks whether this case is going to a hearing. There is currently no hearing scheduled in this matter.  (*See* Docket Sheet.)

In his motion to appoint counsel, Griswold seeks the appointment of counsel for the fifth time in this matter.  (*See* Filing Nos. 3, 10, 21, 23 and 31.)  As the Court previously informed Griswold, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted).  As a general rule, counsel will not

be appointed unless the case is unusually complex or the
petitioner's ability to investigate and articulate the claims is
unusually impaired or an evidentiary hearing is required.  *See,
e.g.,* *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000),
*cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d
469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c)
of the *Rules Governing Section 2254 Cases in the United States
District Courts* (requiring appointment of counsel if an
evidentiary hearing is warranted).  Upon review of the pleadings
and Griswold's motion, there is no need for the appointment of
counsel at this time.

**II.   Procedural Default**

> *A.   Standards for Exhaustion/Procedural Default*

> As set forth in 28 U.S.C. § 2254(b)(1):

> > (1)   An application for a writ of
> >       habeas corpus on behalf of a
> >       person in custody pursuant to
> >       the judgment of a State court
> >       shall not be granted unless it
> >       appears that –

> > > (A)   the applicant has exhausted
> > >       the remedies available in
> > >       the courts of the State; or

> > > (B)   (I)  there is an absence of
> > >       available State corrective
> > >       process; or (ii)circumstances
> > >       exist that render such process
> > >       ineffective to protect the
> > >       rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

In addition, "fair presentation" of a habeas claim in state court means that a petitioner "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094,

1096 (8th Cir. 2007) (quotation omitted). Thus, where a
petitioner argued in the state courts only that "the trial court
misapplied . . . state statutes and case law," the claim is
procedurally defaulted. *Id.*; *see also Rucker v. Norris*, 563 F.3d
766, 771 (8th Cir. 2009) (finding claim was procedurally barred
where the petitioner failed to raise his federal due process
claim and "cited no federal authority" in the state courts).

Moreover, where "no state court remedy is available for
the unexhausted claim -- that is, if resort to the state courts
would be futile -- then the exhaustion requirement in § 2254(b)
is satisfied, but the failure to exhaust 'provides an independent
and adequate state-law ground for the conviction and sentence,
and thus prevents federal habeas corpus review of the defaulted
claim, unless the petitioner can demonstrate cause and prejudice
for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th
Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162
(1996)). Stated another way, if a claim has not been presented
to the Nebraska appellate courts and is now barred from
presentation, the claim is procedurally defaulted, not
unexhausted. *Akins*, 410 F.3d at 456 n.1.

Under Nebraska law, "[a]n appellate court will not
entertain a successive motion for postconviction relief unless
the motion affirmatively shows on its face that the basis relied
upon for relief was not available at the time the movant filed

-7-

the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). In addition, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minn.*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to

-8-

demonstrate cause and prejudice to excuse the default.  *Akins,
410 F.3d at 456 n.1*.

    B.    *Griswold's Claim One-Part Two, Claim One-Part Three and
Claim Two*

        1.   Claim One-Part Two

        In Claim One-Part Two, Griswold alleges that he was
denied the effective assistance of counsel in violation of the
Sixth and Fourteenth Amendments because his trial counsel made
and withdrew motions without informing him (Filing No. 1 at
CM/ECF pp. 5-7).  Griswold did not raise Claim One-Part Two in
his post-conviction motion or in his post-conviction appeal (*See*
Filing No. 16-11, Attach. 11 at CM/ECF pp. 53-65; Filing No. 16-
7, Attach. 7 at CM/ECF pp. 6-24).  As discussed above, Griswold
is required to fairly present the substance of his federal
constitutional claims to the state courts before he may seek
federal habeas relief.  *See O'Sullivan, 526 U.S. at 844*.
Moreover, under Nebraska law "[a]n appellate court will not
entertain a successive motion for postconviction relief unless
the motion affirmatively shows on its face that the basis relied
upon for relief was not available at the time the movant filed
the prior motion."  *Ortiz, 670 N.W.2d at 792*.  Because Griswold
failed to fairly present Claim One-Part Two to the Nebraska state
courts, and because he cannot file a second motion for post-

-9-

conviction relief under Nebraska law, Claim One-Part Two is procedurally defaulted.

       2.   Claim One-Part Three

In Claim One-Part Three, Griswold alleges that he was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his trial counsel relied on personal rather than expert judgment when considering his competency and insanity (Filing No. 1 at CM/ECF pp. 5-7).  The Court will address this claim as it relates to competency first and then address the claim as it relates to insanity.

       *I.   Competency*

Griswold arguably raised Claim One-Part Three, as it relates to competency, in his post-conviction motion and argued it in his post-conviction appeal brief (Filing No. 16-11, Attach. 11 at CM/ECF pp. 58-59; Filing No. 16-7, Attach. 7 at CM/ECF pp. 6, 21-24).  However, Griswold failed to assign Claim One-Part Three, with respect to competency, as error in his post-conviction appeal brief (Filing No. 16-7, Attach. 7 at CM/ECF p. 6).  Due to this failure, the Nebraska Supreme declined to address the competency issue because Nebraska appellate courts will "not address errors that are argued but not assigned." (Filing No. 16-2, Attach. 2 at CM/ECF p. 2.) *See also, State v. Duncan, 775 N.W.2d 922, 928-29 (Neb. 2009); Sate v. Archie, 733*

N.W.2d 513, 526 (Neb. 2007); *State v. King*, 724 N.W.2d 80, 85 (Neb. 2006). Because the Nebraska Supreme Court issued a plain statement rejecting Claim One-Part Three, as it relates to competency, on a state procedural ground, this Court is precluded from reaching the merits of that claim. *Shaddy*, 890 F.2d at 1018. Accordingly, Claim One-Part Three, as it relates to competency, is also procedurally defaulted.

### ii.  Insanity

In contrast to the issue of competency, Griswold entirely failed to raise Claim One-Part Three, as it relates to insanity, in his post-conviction motion or in his post-conviction appeal brief.[4] (Filing No. 16-7, Attach. 7 at CM/ECF p. 6.) Because Griswold failed to fairly present Claim One-Part Three with respect to insanity to the Nebraska state courts, and because he cannot file a second motion for post-conviction relief under Nebraska law, Claim One-Part Three is procedurally defaulted in its entirety.

### 3.  Claim Two

In Claim Two, Griswold argues he was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his appellate counsel failed to raise several issues, including the issue of his competency, on

---

[4] Griswold's separate claim regarding his counsel's failure to present or investigate an insanity defense, Claim One-Part One, is addressed below. *See infra* Part III.C.

direct appeal (Filing No. 1 at CM/ECF pp. 5-7). The Court will analyze this claim into two parts: (I) appellate counsel's failure to raise "several issues" on direct appeal and (ii) appellate counsel's failure to raise the issue of competency on direct appeal.

> *I. Appellate Counsel's Failure to Raise "Several Issues"*

Griswold argues that his appellate counsel was ineffective for failing to raise "several issues" on direct appeal, but does not specify what "several issues" means. (*Id*.) However, the Court liberally construes "several issues" to mean those issues that the Nebraska District Court found to be procedurally barred when it denied Griswold's post-conviction motion (Filing No. 16-12, Attach. 12 at CM/ECF p. 26).

In his post-conviction motion, Griswold argued that (1) his due process rights were violated because the trial court and the prosecution both failed to request a competency hearing, (2) the prosecution committed misconduct during his trial and (3) his due process rights were violated because his trial was broadcast on television. (*Id*. at CM/ECF pp. 20-23.) Although Griswold raised these claims in his post-conviction motion, he failed to raise them in the context of ineffective assistance of counsel claim. (*Id*.) Consequently, the Nebraska District Court determined that these claims were procedurally barred because

Griswold could have raised them on direct appeal, but failed to do so.  (*Id*. at CM/ECF p. 26.)

In his post-conviction appeal, Griswold argued that the Nebraska District Court erred because it should have inferred that his appellate counsel was ineffective for failing to raise the procedurally barred claims discussed above (Filing No. 16-7, Attach. 7 at CM/ECF p. 2).  In addressing this argument, the Nebraska Supreme Court determined that Griswold failed to raise the procedurally barred claims in the form of an ineffective assistance of counsel claim and upheld the District Court's decision (Filing No. 16-2, Attach. 2 at CM/ECF pp. 5-6).  Because Griswold failed to fairly present his claim that appellate counsel was ineffective for failing to raise "several issues" on direct appeal to the Nebraska courts and because Griswold cannot file a second motion for post-conviction relief under Nebraska law, this part of Claim Two is procedurally defaulted.

### ii.  *Appellate Counsel's Failure to Raise Competency*

Griswold also argues that his appellate counsel was ineffective for failing to raise the issue of his competency on direct appeal (Filing No. 1 at CM/ECF p. 5).  Griswold arguably raised this claim in his post-conviction motion and argued it in his post-conviction appeal brief.[5]  (Filing No. 16-11, Attach. 11

_____

[5] In his post-conviction motion, Griswold argued that his appellate counsel was ineffective for failing to raise the issue

-13-

at CM/ECF pp. 58-59; Filing No. 16-7, Attach. 7 at CM/ECF pp. 6, 21-24.)  However, Griswold failed to assign appellate counsel's failure to raise the issue of competency as error in his post-conviction appeal brief (Filing No. 16-7, Attach. 7 at CM/ECF p. 6).  As discussed above, Nebraska appellate courts will not address errors that are argued but not assigned.  *See Duncan, 775 N.W.2d at 928-29 (Neb. 2009); Archie, 733 N.W.2d at 526 (Neb. 2007); King, 724 N.W.2d at 85 (Neb. 2006)*.  Accordingly, Claim Two is procedurally defaulted in its entirety.

   C.   *Cause and Prejudice*

         To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman v. Thompson, 501 U.S. 722, 750 (1991)*.  Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner

---

of competency on direct appeal (Filing No. 16-11, Attach. 11 at CM/ECF p. 60).  In addressing the competency issue, the Nebraska District Court determined that Griswold's trial counsel was not ineffective for failing to investigate and request a hearing on whether Griswold was competent to stand trial (Filing No. 16-12, Attach. 12 at CM/ECF p. 26).  Under Nebraska law, if Griswold's trial counsel was not ineffective, then appellate counsel's failure to bring and ineffective assistance of trial counsel claim did not prejudice Griswold.  *See State v. Jackson, 747 N.W. 2d 418, 430-31 (Neb. 2008)*.

can show that some objective factor external to the defense
impeded counsel's efforts to comply with the State's procedural
rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see
also Bell v. Attorney Gen. of Iowa*, 474 F.3d 558, 561 (8th Cir.
2007) ("A cause is sufficient to excuse procedural default when
it is external to the petitioner, and not attributable to the
petitioner.").

        Griswold does not argue that he, or his counsel, were
impeded from complying with Nebraska's procedural rules or that
he is actually innocent.  Thus, Griswold has neither established
cause for the procedural default of his claims, nor demonstrated
that the court's failure to consider his claims will result in a
fundamental miscarriage of justice.  Accordingly, Claim One-Part
Two, Claim One-Part Three and Claim Two will be dismissed.

## III. Remaining Claims

   *A.   Standard of Review*

        When a state court has adjudicated a habeas
petitioner's claim on the merits, there is a very limited and
extremely deferential standard of review both as to the facts and
the law.  *See* 28 U.S.C. § 2254(d).  With regard to the deference
owed to factual findings of a state court's decision, a federal
court is bound by those findings unless the state court made a
"decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(2).  In addition, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, Section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. Id. at 399.  Importantly, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006).  This high degree of deference only applies where a claim has been adjudicated on the merits by the state court.  See Brown v. Luebbers, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a

-16-

condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim.  The claim must have been 'adjudicated on the merits' in state court.").

   B.   The *Strickland* *Standard*

        In addition to the general standard of review set forth above, a claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense.  *Id.* at 687; *see also* *Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

        The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance.  *Strickland*, 466 U.S. at 687-88.  In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694; *see also* *Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir.

-17-

2002). A court need not address the reasonableness of the
attorney's skills and diligence if the movant cannot prove
prejudice under the second prong of this test. *United States v.
Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v.
United States*, 858 F.2d 1330, 1336 (8th  Cir. 1988)). Further,
as set forth in *Strickland*, counsel's "strategic choices made
after thorough investigation are virtually unchallengeable" in a
later habeas corpus action. 466 U.S. at 689.

The Supreme Court recently emphasized that the
deference due the state courts applies with vigor to decisions
involving ineffective assistance of counsel claims. *Knowles v.
Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth
Circuit Court of Appeals and holding that the decision of the
California Court of Appeals, that the defendant was not deprived
of effective assistance of counsel when his attorney recommended
withdrawing his insanity defense during second phase of trial,
was not contrary to or an unreasonable application of clearly
established federal law; also concluding, among other things,
that there was no reasonable probability that, but for counsel's
alleged unprofessional error, the result of the proceeding would
have been different).

In *Knowles*, the Justices stressed that under the
*Strickland* standard, the state courts have a great deal of

-18-

"latitude" and that "leeway" presents a "substantially higher
threshold" for a federal habeas petitioner to overcome.  Thus:

> The question "is not whether a
> federal court believes the state
> court's determination" under the
> *Strickland* standard "was incorrect
> but whether that determination was
> unreasonable -- a substantially
> higher threshold." *Schriro, supra,*
> *at 473, 127 S. Ct. 1933*.  And,
> because the *Strickland* standard is
> a general standard, a state court
> has even more latitude to
> reasonably determine that a
> defendant has not satisfied that
> standard.  See *Yarborough v.*
> *Alvarado, 541 U.S. 652, 664, 124 S.*
> *Ct. 2140, 158 L. Ed.2d 938 (2004)*
> ("[E]valuating whether a rule
> application was unreasonable
> requires considering the rule's
> specificity.  The more general the
> rule, the more leeway courts have
> in reaching outcomes in
> case-by-case determinations.").

*Knowles,* 129 S. Ct. at 1420.

    C.    *State Court Findings–Claim One–Part One*

In Claim One-Part One, Griswold argues that his trial
counsel was ineffective because he failed to present or
investigate an insanity defense (Filing No. 1 at CM/ECF pp. 5-7).
The Nebraska Supreme Court addressed the merits of this claim and
rejected it (Filing No. 16-2, Attach. 2 at CM/ECF p. 8).  In
doing so, the Nebraska Supreme Court stated that:

> Griswold alleged no facts
> concerning his directions to or
> communications with his attorney
> regarding an insanity defense. He

-19-

does not allege that he
specifically requested or directed
his attorney to consider an
insanity defense.  Griswold claims
he has a history of mental illness
but those claims alone do not
support a finding that he was
insane at the time of the murder.
Furthermore, Griswold's contention
throughout the proceeding has been
that he was heavily intoxicated at
the time of the murder; that he was
attempting suicide; and that Eacret
grabbed the gun.  But these claims
relate only to Griswold's intent to
commit murder, not to insanity.

. . .

On our own examination of the
record, we conclude that it is
completely devoid of information
indicating that counsel had reason
to consider raising an insanity
defense.  And, we find nothing
indicating that if counsel would
have raised an insanity defense, it
would have been a viable defense.
Griswold's claim of ineffective
assistance of counsel is without
merit.

(*Id*.)

    *D.   Deference*

       Respondent argues that the foregoing findings of fact

and conclusions of law relating to Griswold's Claim One-Part One

are entitled to deference under the statutory standard of review

that applies to factual and legal conclusions reached by state

courts (Filing No. 19 at CM/ECF p. 12).  Indeed, as set forth

above, this Court must grant substantial deference to Nebraska

state court decisions.  The Court has carefully reviewed the record in this matter and finds that the Nebraska Supreme Court's decision to deny Griswold's Claim One-Part One was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Moreover, Griswold has not submitted any evidence, let alone clear and convincing evidence, that the Nebraska Supreme Court was incorrect in any of its factual or legal determinations. 28 U.S.C. § 2254(e)(1).  In short, the grant of a writ of habeas corpus with regard to Claim One-Part One is not warranted here because the Nebraska state courts reasonably applied *Strickland* and other Supreme Court holdings in reaching their decision.

     E.   *Claim Three*

          In Claim Three, Griswold argues that he was denied due process of law in violation of the Fourteenth Amendment because the Nebraska District Court determined that his claims for post-conviction relief were procedurally barred (Filing No. 1 at CM/ECF pp. 5-7).  This claim presents a challenge to a state court post-conviction proceeding as an independent ground for habeas relief.  Such a challenge is not cognizable in a federal habeas corpus action.  *See Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a

state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas [application]." (citations and quotations omitted).   In light of these findings, Griswold's Petition will be dismissed in its entirety.   A separate order will be entered in accordance with this memorandum opinion.

DATED this 1st day of September, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

        * This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.